Mr. J. Michael Swaine Attorney for the Sebring Airport Authority 425 South Commerce Avenue Sebring, Florida 33870
Dear Mr. Swaine:
On behalf of the Sebring Airport Authority, you ask:
Is the Sebring Airport Authority a "state agency or subdivision" within the scope of section 768.28, Florida Statutes (1996)?
In sum:
The Sebring Airport Authority is a "state agency or subdivision" for purposes of section 768.28, Florida Statutes (1996).
The Sebring Airport Authority was created by special act of the Legislature in 1967.[1] Pursuant to the act:
[T]he Sebring Airport Authority . . . shall be a body politic and corporate. The Sebring Airport Authority is hereby constituted a public instrumentality and the exercise of said Authority of the powers conferred by this Act shall be deemed and held to be the performance of essential governmental functions.[2]
The authority was created for the purposes of acquiring, leasing, constructing, reconstructing, improving, equipping, repairing, and operating any airport and other facilities located on authority property.[3] The airport authority may issue bonds, may collect fees for the use of services and facilities at the airport, and may exercise the right of eminent domain in the same manner as cities or counties.[4]
Section 768.28, Florida Statutes (1995), serves to waive the sovereign immunity of the state and its agencies and subdivisions to the extent set forth in that section. Monetary limitations are specified in the statute allowing payment of a judgment against the state or its agencies or subdivisions by any one person not to exceed $100,000 or any claim or judgment which, when totaled with all other claims paid by the state arising out of the same incident or occurrence, does not exceed $200,000.[5] State agencies or subdivisions within the scope of section 768.28, Florida Statutes, are defined to include "independent establishments of the state; . . . and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities. . . ."[6]
This office considered whether the Monroe County Comprehensive Plan Land Authority was a "state agency or subdivision" for purposes of sovereign immunity in Attorney General's Opinion 87-53 (1987). The Legislature authorized creation of land authorities to address comprehensive plan implementation and to act as intermediaries between individual landowners and the governmental entities regulating land use. The Monroe County authority was created pursuant to ordinance by Monroe County. The opinion concluded that the land authority was within the scope of section768.28(2), Florida Statutes (1986 Supp.), since it was created as "a public body corporate and politic" and possessed the powers described in the enabling legislation.
Similarly, the Duval County Research and Development Authority was determined in Attorney General's Opinion 89-22 (1989) to be a state agency or subdivision within the scope of the legislative waiver of immunity from tort liability. Research and development authorities are authorized pursuant to Part V, Chapter 159, Florida Statutes, to promote scientific research and development in affiliation with institutions of higher education and to foster economic development and broaden the economic base of counties in affiliation with these educational institutions. The authorities are created by county ordinance as local governmental bodies corporate and politic. Each authority is "a public instrumentality for the purposes of development, operation, management, and financing of a research and development park[.]" The exercise of the powers conferred by this statutory part is deemed to be the performance of an essential public purpose and function. Based on the powers described in the act and the creation of the research and development authority as a "public body corporate and politic" and "a public instrumentality," this office concluded that the authority was within the scope of section 768.28, Florida Statutes (1988 Supp.).
In Attorney General's Opinion 89-43 (1989), this office deter-mined that the Sunrise Intracoastal Security District was a "state agency or subdivision" for purposes of section 768.28, Florida Statutes (1989). The district was a neighborhood improvement district authorized by the Legislature and granted the authority to exercise certain powers such as the authority to enter into contracts, to sue and be sued as a body corporate, and to acquire, own and dispose of property. The district had also been granted the authority to levy an ad valorem tax and to use the special assessments to support district improvements. Based on the creation of the district as a body corporate and the powers and duties vested in the district, this office concluded that the Sunrise Intracoastal Security District would fall within the definition of "state agencies or subdivisions" in section 768.28, Florida Statutes.
Thus, in light of the creation of the Sebring Airport Authority as a public instrumentality and the legislative determination that it exercises an essential governmental function and in consideration of the powers and duties of the authority, it is my opinion that the Sebring Airport Authority is a state agency or subdivision within the scope of section 768.28(2), Florida Statutes (1996).
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Chapter 67-2070, Laws of Florida. The "Sebring Airport Authority Act" has been amended by Chs. 82-382, 89-484, 91-415, and 95-526, Laws of Florida.
[2] Section 2, Ch. 67-2070, Laws of Florida.
[3] Section 6(e), Ch. 67-2070, Laws of Florida.
[4] Section 6(f), (h), and (i), Ch. 67-2070, Laws of Florida.
[5] Section 768.28(5), Fla. Stat. (1995).
[6] Section 768.28(2), Fla. Stat. (1995).